IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-166-1-BO(1)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CHARLES ROBERT BAREFOOT, JR., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on several pretrial motions filed by Defendant. In the underlying matter, Defendant is charged with storage and distribution of explosive material, pursuant to an indictment filed June 15, 2005. Each motion will be considered in turn.

I.  Request for Notice of Intent to Use 404(b) Evidence [DE # 46]

Rule 404(b) of the Federal Rules of Evidence requires that the prosecution give "reasonable notice in advance of trial" of other crimes, wrongs or acts evidence that it intends to use. The Government has provided notice of several categories of evidence it intends to introduce that may be characterized as 404(b) evidence, and will provide more detailed notice prior to trial. The Government has fulfilled the request for notice and recognizes its continuing obligation. Defendants Request for Notice of Intent to Use Rule 404(b) Evidence is DISMISSED as MOOT.

II.  Motion to Sequester Government Witnesses [DE # 47]

Defendant moves the Court to sequester all Government witnesses pursuant to Rule 615 of the Federal Rules of Evidence. The Government does not object so long as defense witnesses

1

are also sequestered and an investigative agent is excepted. Defendant's Motion is to Sequester Government Witnesses is GRANTED, all witnesses for the Government and the Defendant are sequestered at trial pursuant to Rule 615 of the Federal Rules of Evidence, and the Government may identify an investigative agent who will not be sequestered.

III. Motion for Early Disclosure of *Brady/Giglio* Material [DE # 48]

Defendant seeks early disclosure of all information required under the *Brady* and *Giglio* evidence. *Brady* evidence is that which is favorable to the accused which is material to guilt or punishment. *Brady v. Maryland*, 373 U.S. 82, 87 (1963). Although there is no time frame required, such evidence must disclosed at a time which makes the evidence of value to the accused. *Hamrick v. Bailey*, 386 F.2d 390, 363 (4th Cir. 1967). The Government indicated that it has provided discovery and is unaware of any other *Brady* evidence, with the exception of plea agreements of its cooperating witnesses. The Defendant's motion is GRANTED with respect to the plea agreements in the Government's possession that have not yet been turned over to the Defendant.

IV. Motion to Suppress All Statements of Defendant Protected by Marital Privilege [DE # 49]

Defendant seeks to suppress all statements covered by the marital privilege. Specifically, the Defendant's wife related statements to an investigator that her husband made during the marriage. In support of this motion, Defendant attaches numerous pages of statements made by Defendant's wife to investigators. Because it is difficult to discern the context of the statements, it is ordered that the Defendant identify the specific statements it believes fall within the marital privilege, and the parties further brief whether they are privileged.

2

V.  <u>Motion to Suppress Evidence Seized During Search of August 13, 2002 [DE #50] and Motion to Suppress Evidence Seized During Search of January 10, 2003 [DE # 51]</u>

Defendant seeks to suppress evidence seized during two searches of his home, conducted on August 13, 2002 and January 10, 2003. Defendant relies on a domestic violence restraining protective order obtained by his wife after Defendant put a gun to her head. The order contained a clause that gave Defendant exclusive possession of the home, which gave Defendant's wife no right to consent to a search of the home. Evidence obtained by police acting under a reasonable belief that the occupant consenting to search, had valid consent to search, need not be suppressed even if it is later revealed that the occupant did not have such consent. *Illinois v. Rodriguez,* 497 U.S. 177 (1990); *United States v. Kinney,* 953 F.2d 863, 868 (4th Cir. 1992). Thus, even if the Court holds that Defendant's wife was not a lawful occupant, if the police had a reasonable belief that she was lawfully there, the evidence is admissible. Here, Defendant had the right to exclude his wife from their home, however she was occupying the property with Defendant's knowledge and consent. Defendant has not proved that Defendant's wife did not lawfully occupy the property, nor has he proved that the police had reason to doubt that Defendant's wife, an owner of the home, was not entitled to consent to the search. Defendant's Motions to Suppress Evidence seized during the August 12, 2003 and January 10, 2003 searches are DENIED.

Accordingly, Defendant's Request for Notice of Intent to Use 404(b) Evidence [DE # 46] is DISMISSED as MOOT; Defendant's Motion to Sequester Government's Witnesses [DE # 47] is GRANTED as to all witnesses; Defendant's Motion for Early Disclosure of *Brady/Giglio* Material [DE # 48] is GRANTED with respect to the undisclosed plea agreements; Parties are ordered to conduct further briefing on Defendant's Motion to Suppress All Statements of

Defendant Protected by Marital Privilege [DE # 49] by identifying statements and analyzing whether the individual statements are privileged; Defendants Motion to Suppress Evidence Seized During Search of August 13, 2002 [DE # 50] is DENIED; and Defendants Motion to Suppress Evidence Seized During Search of January 10, 2003 [DE # 51] is DENIED.

SO ORDERED, this 7 day of January, 2007.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE