IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-166-BO

UNITED STATES, )
)
v. ) ORDER
)
CHARLES ROBERT BAREFOOT )
)
_____ )

This matter is before the Court on several motions filed by Defendant pro se, listed by their number on the docket:

110 Defendant's Motion of Intelligent Waiver of Counsel to Self Representation Under the Faretta Doctrine

112 Motion to Subpoena Witness Pursuant to Rule 45

120 Motion re "wavier of self-defence to court appoint representation of counsel Joseph Zeszortarski, Jr., Poyner & Spruill"

133 Motion in Limine

135 Motion for Time In Limine

154 Motion on Certification of Question of Law

156 Motion

157 Motion for Ex Parte Relief

158 Motion for Ex parte Relief

159 Motion for Ex Parte Relief

164 Motion for Leave to Appear

171 Motion

176 Motion for Copies of Filed Documents

177 Motion re Petition for Writ of Certiorari

178 Motion to Move This Cause of Action to the Military Court Before the Provos Marshals in Jacksonville, NC

179 Motion in Limine

183 Motion of the Offer of Proof Pursuant to the Material Facts of the Case

190 Ex Parte Motion

192 Ex Parte Motion for Issuance of Subpoenas

194 Motion to Place This Proffer of Evidence in the Record of this Honorable Court for Present and Future Hearings

195 Ex Parte Motion for Issuance of Subpoenas

199 Ex Parte Motion

201 Ex Parte Motion

204 Motion to Dismiss the Indictment

The Defendant's aforementioned motions are all DENIED.

## Background

On August 2, 2006, Defendant was indicted on various firearms and explosives charges, including solicitation to destroy by means of explosive the Johnston County Courthouse and Sheriff's Office. On November 14, 2007, the Court found that Defendant was not competent to proceed to trial. This finding was based on a psychological report which concluded that Defendant "currently does not possess a rational understanding of the proceedings against him, does not have the capacity to assist legal counsel in his defense, and he cannot rationally

make decisions regarding legal strategy."

The government is presently seeking authorization to forcibly medicate Defendant in order to restore him to competency, which issue is pending before the Court on remand from the Fourth Circuit.

## Discussion

All Defendant's pro se motions are denied. As Defendant is not competent to stand trial, he is not competent to represent himself. In addition, Defendant is represented by appointed counsel and defendants represented by counsel are prohibited from filing motions pro se, regardless of their competency to do so. See United States v. Bush, 404 F.3d 263, 270 (4th Cir. 2005) (the right to self-representation is mutually exclusive of the right to counsel).

## Conclusion

All Defendant's pro se motions are DENIED, and the Defendant is advised to have his attorney file any further motions.

SO ORDERED, this __3__ October, 2010.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE