IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:05-CR-166-1-BO(1)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| CHARLES ROBERT BAREFOOT, JR., | ) | |
| | ) | |
| Defendant. | ) | |

This matter was called for a competency hearing on March 15, 2011. For the reasons set forth below, the Court now finds that Defendant is competent for further proceedings.

## BACKGROUND

On August 2, 2006, Defendant was charged in a six-count Superseding Indictment with various crimes relating to firearms and explosives. On February 14, 2007, the parties appeared for a hearing on Defendant's Motion to Suppress Statement of Defendant (DE #52) and Motion to Dismiss Superseding Indictment (DE #53). Based on information presented at the hearing, the Court ordered that Defendant undergo a psychological evaluation to determine his competency. (DE #82). An evaluation by staff at the Metropolitan Correctional Center in New York, determined that Defendant was not competent to proceed. On November 14, 2007, the Court ordered that Defendant be committed to the custody of the Bureau of Prisons pursuant to 18 U.S.C. § 4241(d) for treatment to restore his competency or to determine whether there was a substantial probability that he would regain competency in the foreseeable future. (D.E. #109).

Defendant was then evaluated by medical staff at the Federal Medical Center at Butner, North Carolina, who requested authorization to medicate Defendant involuntarily in accordance

with Sell v. United States, 539 U.S. 166 (2003), for the purpose of restoring his competency. The Butner medical staff diagnosed Defendant as suffering from Delusional Disorder which "is typically chronic and unlikely to improve in the forseeable future without treatment to include antipsychotic medication." 5/19/08 Forensic Evaluation at 10. On November 26, 2008, the Court held a hearing and received testimony from a government psychiatrist at FMC Butner, Dr. Ralph Newman, and a forensic psychiatrist retained by the defense, Dr. George Corvin. Dr. Newman and Dr. Corvin both testified that Defendant was unlikely to regain competency without medication, though they disagreed as to the likelihood that medication would restore him to competency.

On January 10, 2009, the Court issued an order granting the government's request for authorization to medicate Defendant involuntarily. (DE 140). The Court issued a separate order staying execution of the involuntary medication order pending Defendant's appeal. (DE #147).

On February 9, 2010, the Fourth Circuit issued an order vacating this Court's involuntarily medication order and remanding for further proceedings in light of a recent decision, United States v. Bush, 585 F.3d 806 (4th Cir.).

Following supplemental briefing by the parties, the Court scheduled a remand hearing on the involuntary medication issue for March 15, 2011. Shortly before this hearing, the Court received a new evaluation by Dr. Newman reporting that Defendant had been restored to competency without psychotropic medication. Dr. Newman states in the report that this is one of the "rare cases" where "delusions can remit spontaneously without medication." The report concludes that "[in] our opinion, Mr. Barefoot is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. We view him as competent

2

to stand trial with representation by his attorney." 3/9/11 Forensic Evaluation at 7. Based on these findings, the Acting Warden at FMC Butner has certified pursuant to 18 U.S.C. § 4241(e) that Defendant has been restored to competency.

On March 15, 2011, the Court held a hearing pursuant to 18 U.S.C. § 4247(d) on the issue of Defendant's competency. Defendant's attorney informed the Court that Dr. Corvin agrees with Dr. Newman that Defendant is now competent to proceed to trial.

Accordingly, the Court finds by a preponderance of the evidence that Defendant has recovered to such an extent that he is able, with representation by his attorney, to understand the nature and consequences of the proceeding against him and to assist properly in his defense.

A hearing on Defendant's Motion to Suppress Statement of Defendant (DE #52) and Motion to Dismiss Superseding Indictment (DE #53) shall be set for this Court's May 2011 criminal term in Raleigh, North Carolina. The associated period of delay shall be excluded from the speedy trial computation under 18 U.S.C. § 3161(h)(1)(D).

SO ORDERED, this 17 day of March, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3