UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:05-CR-166-1-BO

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>CHARLES ROBERT BAREFOOT, JR. | **DEFENDANT'S SENTENCING MEMORANDUM** |

NOW COMES DEFENDANT Charles Robert Barefoot, Jr., through undersigned counsel, and respectfully submits this Sentencing Memorandum for consideration by the Court at sentencing.

I.  **Objection to Grouping Calculation**

As noted in the Addendum to the Presentence Report, Barefoot objects to the Probation Office's calculation of the advisory guideline range in this matter, in that Barefoot submits that the Probation Office has improperly grouped the counts, and improperly applied enhancements in that grouping calculation.

Specifically, Barefoot submits that the basic error in the Probation Office's guideline calculation is its contention that the base offense level of USSG § 2K2.1 is calculated under subsection (a)(5). This subsection applies only if "the offense involved a firearm described in 26 USC § 5845(a) or 18 USC § 921(a)(30)" -- that is, if the offense involved a destructive device. Here, however, the "offense" -- which for the firearm guideline of USSG § 2K2.1 would be Counts 1 and 2 -- did not involve any destructive device, because the offense involved only the

30 firearms stolen from the home of Patrick Maynard.  The Probation Office's calculation uses non-firearm conduct to calculate a guideline under the firearm guideline.  This is error.

Barefoot submits that the appropriate advisory guideline calculation results in a final offense level of 28, with criminal history category II, resulting in an advisory guideline range for imprisonment of 87-108 months.  Barefoot reaches this result as follows:

Use 2002 version of Sentencing Guidelines

Grouping:

Counts 1 & 2 (conspiracy to receive stolen firearms and receipt of stolen firearms relating to theft of firearms from Patrick Maynard) group under USSG § 3D1.2(a).  Counts 3, 4, 5, & 6 (solicitation of crime of violence; receipt of explosive with intend to use to damage buildings; illegal storage of explosive; distribute explosive to person under 21 years old) group under USSG § 3D1.2.  These 2 groups do not group together because, under the evidence adduced at trial, there is no connection between the theft of the firearms from Maynard and the explosive material received by Daniel Barefoot and/or the alleged scheme to blow up the Johnston County Courthouse.  Accordingly, there are 2 groups.

Group 1

Use USSG § 2K1.2

| | |
|---|---|
| 12 | base offense level; offense in Counts 1 and 2 does not "involve firearm described in 26 USC § 5845(a) or 18 USC § 921(a)(30)" (i.e., the explosive material at issue in this case is not part of the Count 1 or 2 offenses); also defendant not a prohibited person because the events take place prior to domestic violence restraining order being issued on 3/26/2002 |
| +6 | 25-99 firearms involved (b)(1) |
| +2 | stolen firearms (b)(4) |
| +4 | leadership enhancement (§3B1.1) |
| +2 | use minor in offense (§3B1.4) |
| ----- | |
| 26 | |

Group 2

Under USSG § 3D1.3(a), use offense level for the most serious of the counts

a) Counts 4,5, and 6 use USSG § 2K1.3

| | |
|---|---|
| 12 | base offense level; not a prohibited person and no convictions |
| +4 | use in connection with Count 3 (b)(3) |
| ---- | |
| 16 | |

- minor enhancement in 3B1.4 does not apply to this count because offense conduct is in July 2002 and Daniel turned 18 on November 5, 2001

b) Count 3 uses USSG 2K1.4

| | |
|---|---|
| 24 | base offense level; no other enhancements |
| ----- | |
| 24 | |

Use higher level, therefore use (b) and offense level of 24 for Group 2

Grouping Calculation

Under USSG § 3D1.4, Group 1 constitutes 1 unit, Group 2 constitutes 1 unit; 2 total units therefore add 2 levels to offense level of highest group

Use offense level from highest group (Group 1 is 26), then add 2 levels

Final offense level 28, with criminal history II results in advisory range of 87-108 months

Barefoot respectfully requests that the Court employ this calculation at sentencing.

## II. Section 3553(a) Factors

Barefoot submits that a consideration of the sentencing factors under 18 USC § 3553(a) support a sentence of time served (Barefoot has been in custody under federal detainer since June 2005). Should the Court not employ the guideline calculation offered by Barefoot, Barefoot

submits that there are numerous grounds present in the PSR that support a downward variance from whatever range is found at sentencing to a sentence of time served.

This the 3d day of February, 2013.

/s/ Joseph E. Zeszotarski, Jr.
Joseph E. Zeszotarski, Jr.
State Bar No. 21310
Gammon, Howard & Zeszotarski, PLLC
115 ½ West Morgan Street
Raleigh, NC 27601
(919) 521-5878
jzeszotarski@ghz-law.com
Counsel for Charles Barefoot, Jr.

CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the foregoing MOTION through the electronic service function of the Court's electronic filing system, as follows:

Eric Goulian
Assistant United States Attorney
310 New Bern Avenue
Raleigh, NC 27601

This the 3d day of February, 2013.

/s/ Joseph E. Zeszotarski, Jr.
Counsel for Defendant