IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-166-BO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| CHARLES ROBERT BAREFOOT, | ) | |
| JR. | ) | |

This matter is before the Court on defendant's motion for return of property pursuant to

Rule 41 of the Federal Rules of Criminal Procedure. [DE 361]. Pursuant to this Court's order

[DE 367], the parties have filed further briefing and the motion is ripe for ruling. Also pending

are defendant's motion regarding the actions of counsel in forwarding legal mail [DE 369],

motion for the Court to provide defendant with transcripts for the preparation of a habeas corpus

motion [DE 370], and motion pursuant to Rule 60(b). [DE 380].

## BACKGROUND

Defendant was found guilty following a jury trial commencing on September 24, 2012, of

all six counts of a superseding indictment charging defendant with, *inter alia*, conspiracy to

receive, possess, conceal, store, barter, sell, and dispose of stolen firearms,18 U.S.C. §§ 371,

922(j); solicitation of another to assist in damaging and destroying by explosive the Johnston

County Courthouse and Sheriff's Office, 18 U.S.C. § 844(f)(1) and 844(i); and receiving an

explosive with intent that it be used to kill, injure, or intimidate other persons and to damage and

destroy buildings. 18 U.S.C. § 842(d). Defendant was sentenced to a cumulative term of 180

months' imprisonment on February 6, 2013. Defendant noticed an appeal, and by opinion

entered June 9, 2014, the court of appeals affirmed defendant's convictions on counts one through four of the superseding indictment but reversed his convictions on counts five and six. Judgment was amended in this Court on July 16, 2014. The instant motions followed.

## DISCUSSION

I. Motion for Return of Property

Rule 41(g) of the Rules of Criminal Procedure provides that "a person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." A post-conviction motion under Rule 41(g) is an equitable civil action. *United States v. Garcia*, 65 F.3d 17, 20-21 (4th Cir. 1995)). A civil action against the United States must be filed within six years after the right of action accrues. 28 U.S.C. § 2401(a). Defendant's cause of action accrued on the date his property was seized. *United States v. Dudley*, 149 F.3d 1171 (4th Cir. 1998) (unpublished table decision). According to defendant's motion, his property was seized on July 19, 2002. [DE 361-2]. Using this date as the date of accrual of defendant's claim, his motion is time-barred. *See also United States v. Wakefield*, No. 696-710-HMH, 2007 WL 1459473 (D.S.C. May 15, 2007) (holding same and noting holding of other circuits).

Defendant contends, however, that the relevant date to begin the limitations period is the conclusion of his criminal proceeding. "In a case of seizure and wrongful refusal to return property where no civil or administrative forfeiture proceeding has been instituted against the property, we return to the general principle that the accrual date of a cause of action is when the plaintiff discovered or had reason to discover that he has suffered injury due to the defendant's actions." *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1212 (10th Cir. 2001) (citing

2

*United States v. Minor*, 228 F.3d 352, 359 (4th Cir. 2000)). The Tenth Circuit has thus held that in the Rule 41 context, absent a civil or criminal forfeiture proceeding, "the date a claimant can be reasonably expected to inquire after property that has been seized by the United States in conjunction with criminal proceedings . . . is the date on which the criminal proceedings against the claimant have concluded." *Id.*; *see also Hill v. United States*, 1:12CV92, 2012 WL 7801142, at *3 (N.D.W. Va. Nov. 20, 2012) report and recommendation adopted, 1:12CV92, 2013 WL 1192312 (N.D.W. Va. Mar. 22, 2013); *Stein v. United States*, CIV.A. AMD-04-3303, 2005 WL 936979, at *2 (D. Md. Apr. 5, 2005).

However, even assuming without deciding that the statute of limitations began to run at the conclusion of defendant's criminal proceedings, making his Rule 41 motion timely filed, defendant's motion for return of property is moot. The government has submitted the affidavit of Stephen Babits, Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, who declares that "all evidence seized during the investigation of defendant for federal criminal violations has been either destroyed pursuant to court order, returned to its proper owner, or forwarded to the Sampson County Sheriff's Office to assist the State of North Carolina in its murder investigation against the defendant." [DE 375-1]. Therefore, the evidence seized during the investigation of defendant is no longer in the custody or possession of the United States, and no relief is available under Rule 41(g). *See United States v. Jones*, 225 F.3d 468, 470 (4th Cir. 2000) (Rule 41 motion properly denied as to destroyed or disposed of property). Defendant's motion for return of property is denied.

II. <u>Motion Regarding Legal Mail</u>

Defendant seeks a court order directing his trial and appellate counsel, Joseph

3

Zeszotarski, to comply with Bureau of Prison policy regarding identification of legal mail. The Court is unaware of any legal basis upon which it could compel counsel to comply with Bureau of Prisons regulations regarding legal mail, and defendant's motion is therefore denied.

III. Motion Requesting Transcripts

Defendant seeks copies of the transcripts of this Court's proceedings at no cost so that he might prepare a motion pursuant to 28 U.S.C. § 2255. While copies of transcripts may be provided to an indigent defendant at no cost, the court must first certify "that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented in the appeal." 28 U.S.C. § 753(f). A defendant is not entitled to a copy of his transcripts at no cost "merely to comb the record in the hope of discovering some flaw." *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963). As defendant has not filed any motion under the habeas rules, the Court is unable to certify at this time that his motion is not frivolous and that a transcript is necessary to decide the issues. Defendant's motion is therefore denied without prejudice.

IV. Motion pursuant to Rule 60(b)

The government correctly contends that the relief sought by defendant in his Rule 60(b) motion is that which would result from a successful motion to vacate pursuant to 28 U.S.C. section 2255. In response to the government's request that this Court notify defendant of its intent to reconstrue the motion as one pursuant to § 2255, *see Castro v. United States*, 540 U.S. 375 (2003), defendant states that he does not intend for the Court to reconstrue his motion and that he would withdraw his Rule 60(b) motion so that he might file a motion pursuant to 28 U.S.C. § 2255. Defendant's request is granted and he is allowed to withdraw his Rule 60(b) motion.

4

## CONCLUSION

Accordingly, for the reasons discussed above, defendant's motions at DE 361, 369 & 370 are DENIED. Defendant's request to withdraw his Rule 60(b) motion [DE 380] is ALLOWED.

SO ORDERED, this _10_ day of June, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5