IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:05-CR-166-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| ) | |
| CHARLES ROBERT BAREFOOT, ) | |
| JR. ) | |
| ) | |

This matter is before the Court on defendant's motion to reconsider the Court's June 11, 2015, Order denying his motion for return of property pursuant to Rule 41 of the Federal Rules of Criminal Procedure. Defendant's motion is denied.

## BACKGROUND

The Court incorporates by reference the background section of the June 11, 2015, Order that defendant appeals. [DE 383]. Additionally, the Court has been made aware that at some time during the pendency of defendant's case, counsel for defendant saw a large amount of seized property at ATF Agent Steve Babits' office. [DE 389–2]. It is unclear exactly when defense counsel saw this property or what the property was, other than "numerous handguns." [*Id*.]. Against this background, the Court addresses defendant's motion for reconsideration, which was filed on July 13, 2015. The government has responded in opposition.

## DISCUSSION

A motion to reconsider filed more than ten days after entry of judgment is treated as a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure. *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir. 1996). Rule 60(b) permits a district court to "relieve a party or its legal representative from a final judgment, order, or proceeding for," among other things, "(2)

newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . (2) fraud;" or "(6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Upon a motion under Rule 60(b), "[a]s a threshold matter the movant must demonstrate the existence of a meritorious claim or defense," and "[a] party seeking relief under subsection (3) of the rule must also prove the misconduct complained of by clear and convincing evidence and demonstrate that such misconduct prevented him from fully and fairly presenting his claim or defense." *Square Constr. Co. v. Wash. Metro. Area Transit Auth.*, 657 F.2d 68, 71 (4th Cir. 1981) (emphasis added); *see also Smith v. Reddy*, 101 F.3d 351, 357 (4th Cir. 1996). "[W]here a motion is for reconsideration of legal issues already addressed in an arlier ruling, the motion is not authorized by Rule 60(b)." *CNF Constructors, Inc. v. Donohoe Constr. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) (internal quotation and citation omitted).

Defendant fails to make the threshold showing under Rule 60(b). His accusations that Agent Babits committed fraud and perjured himself are unsubstantiated. The only new information the Court has received is that at some point defendant's attorney viewed some or all of the seized property. This does not change the fact that the property currently is not in plaintiff's possession, thus plaintiff cannot relinquish possession of the property. Defendant does not point to an intervening change in the law, a dispositive factual matter or controlling law that the Court overlooked, or offer evidence that was previously unavailable. Instead, defendant attempts to re-litigate the issue of return of his property. *See, e.g., United States v. Williams*, 674 F.2d 310, 313 (4th Cir. 1982) (holding that Rule 60(b) does not authorize mere reconsideration of a legal issue or to advance new arguments or facts that were available when the original motion was addressed). Accordingly, there are no grounds upon which the Court can grant defendant relief, and his motion to reconsider is denied.

## CONCLUSION

For the foregoing reasons, defendant's motion to reconsider [DE 389] is DENIED.

SO ORDERED, this __29__ day of September, 2015.

                                      TERRENCE W. BOYLE
                                      UNITED STATES DISTRICT JUDGE