IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-166-BO
No. 5:15-CV-596-BO

| | |
|---|---|
| CHARLES ROBERT BAREFOOT, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motions pursuant to 28 U.S.C. § 2255 [DE 404 & 412], motion to have good show cause [DE 410], motion for ten day time enlargement [DE 413], motion for recusal [DE 417], and motion to inform the court that defendant is in transit [DE 426]. Also before the Court are the government's motion to order waiver of attorney-client and work product privilege [DE 430] and motion to dismiss [DE 433]. The appropriate responses and replies have been filed and all matters are now ripe for ruling.

## BACKGROUND

Petitioner, Barefoot, was sentenced on February 6, 2013, following his conviction by a jury on six counts of a superseding indictment to an aggregate sentence of 180 months' imprisonment. By opinion filed June 9, 2014, the court of appeals affirmed Barefoot's convictions on counts one through four but reversed his convictions on counts five and six. An amended judgment was entered by this Court on July 16, 2014, reflecting that counts five and six had been dismissed; Barefoot's sentence of 180 months' imprisonment remained unchanged by the dismissal of two counts of the superseding indictment.

Barefoot thereafter timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, as well as several other motions.

## DISCUSSION

I. MOTION TO ORDER WAIVER

At the outset, the Court grants the government's motion to order waiver of attorney-client and work product privilege as Barefoot has responded that he has no opposition. [DE 440]; *see, also, United States v. Pinson*, 584 F.3d 972, 977 (10th Cir. 2009) (assertion of ineffective assistance amounts to implied waiver of privilege); *United States v. Basham*, CR 4:02-992-JFA, 2012 WL 1130657, at *2 (D.S.C. Apr. 4, 2012) (noting that same rule applies to work product privilege). Because the government's motion asks that the privilege be ordered waived so that Barefoot's trial and appellate counsel might respond to Barefoot's claims for ineffective assistance of counsel, the government is permitted twenty-one days from the date of entry of this order to amend its motion to dismiss Barefoot's § 2255 motion. Barefoot shall thereafter have twenty-one days to respond. Accordingly, the Court defers its ruling on the motion to dismiss and the § 2255 motions until the matters are fully ripe for review.

II. MOTION TO HAVE SHOW GOOD CAUSE

Barefoot has filed a motion seeking to have Warden Jodie L. Snyder Norris at the Federal Correctional Institution in Ashland, Kentucky show cause why the denial of Barefoot's receipt of his case file does not violate Federal Bureau of Prisons policy and Barefoot's fundamental constitutional rights. The Court recognizes that Barefoot is entitled to the materials that he requests, *see United States v. Barefoot*, 609 Fed. App'x 157, 158 (4th Cir. 2015)(unpublished), and it has complied with the mandate of the court of appeals to order Barefoot's former counsel to mail Barefoot the case files to which he is entitled pursuant to Barefoot's request. [DE 392].

2

However, the Court is of the opinion that Barefoot's criminal case is not the appropriate forum in which to adjudicate his claim regarding access to his case files.

As it involves the denial of a constitutional right, a claim by a federal prisoner regarding the right to receive legal mail is properly brought pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971). A "*Bivens* claim is properly brought in the judicial district where a substantial part of the events or omissions giving rise to the claim occurred." *Mullen v. Bureau of Prisons*, 843 F. Supp. 2d 112, 117 (D.D.C. 2012) (quotation omitted); *see also Ashbourne v. Geithner*, CIV.A. RWT-11-2818, 2012 WL 2874012, at *3 (D. Md. July 12, 2012) (4th Cir. 2012)(unpublished) ("*Bivens* action may be heard in a venue where all the defendants reside, or in the venue where the issue substantially arose."). Accordingly, the Court hereby NOTIFIES Barefoot of its intention to construe his motion to have show good cause as a *Bivens* claim and to transfer such claim to the Eastern District of Kentucky for adjudication as that is where Warden Norris resides and where the issue arose. Barefoot may file any response or objection to this notice not later than June 3, 2016.

III. MOTION FOR TEN-DAY TIME ENLARGEMENT

By order entered November 20, 2015, the Court directed Barefoot to submit his § 2255 motion on the proper form within fourteen days. [DE 407]. Barefoot filed the instant motion for ten-day time enlargement to respond to the Court's order on December 7, 2015, and the same day filed his § 2255 motion on the proper form. [DE 412]. The Court grants Barefoot's motion for time enlargement and deems the motion to vacate filed December 7, 2015, to be a timely response to the Court's November 20, 2015, order.

3

IV. MOTION FOR RECUSAL

Barefoot has filed a complaint and order to disqualify the undersigned pursuant to 28 U.S.C. § 455. Section 455(a) provides that a judge of the United States "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). However, neither "opinions held by judges as a result of what they learned in earlier proceedings" nor opinions "properly and necessarily acquired in the course of [earlier] proceedings" have been found to be the basis of bias or prejudice that might require recusal. *Liteky v. United States*, 510 U.S. 540, 551 (1994). Barefoot contends that the undersigned has ejected constitutional law from the court and subjected Barefoot to his personal prejudice, but has failed to demonstrate any action which evidences "a deep-seated favoritism or antagonism that would make fair judgment impossible," *Id*. at 555, or that someone with knowledge of all the circumstances might reasonably question the undersigned's impartiality. *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) (quoting *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003)). Accordingly, Barefoot's motion for recusal is denied.

V. MOTION TO INFORM COURT THAT DEFENDANT IS IN TRANSIT

Barefoot has filed a motion to inform that Court that he has been transferred to another facility and requests that the Court enter a stay in this matter until Barefoot arrives and is settled at the new facility. Barefoot has shown no grounds which would support a stay and this request is denied. Barefoot further requests that the Court forward legal documents to a consultant who is helping him in legal matters. The Court has previously admonished Barefoot that only an attorney duly licensed to practice law in this district or one who appears with local counsel may enter an appearance on Barefoot's behalf and receive filings from the Court. [DE 427]. Unless he is represented by counsel, Barefoot must proceed for himself *pro se*. *See Simon v. Hartford*

4

*Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Finally, the Court notes that Local Civil Rule 83.3 requires all attorneys and *pro se* parties to notify the court in writing within fourteen days of any change of address. The motion to inform is therefore denied.

### CONCLUSION

Accordingly, for the reasons discussed above, petitioner's motion for ten-day time enlargement [DE 413] is GRANTED, motion for recusal [DE 417] is DENIED, and motion to inform the court that defendant is in transit [DE 426] is DENIED. The government's motion to order waiver of attorney-client and work product privilege [DE 430] is GRANTED.

Petitioner shall respond to the Court's notice of intent to transfer his motion to have good show cause [DE 410] not later than June 3, 2016. The government is permitted twenty-one days from the date of entry of this order to amend its motion to dismiss petitioner's § 2255 motion. Barefoot shall thereafter have twenty-one days to respond. The Court will consider petitioner's § 2255 motion and the government's motion to dismiss at that time.

SO ORDERED, this __17__ day of May, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5