IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-166-BO
No. 5:15-CV-596-BO

| | |
|---|---|
| CHARLES ROBERT BAREFOOT, JR., )<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. ) | O R D E R |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Also before the Court is the government's amended motion to dismiss or in the alternative for summary judgment, as well as petitioner's motion for consideration for appointment of counsel, motion for free transcripts, motion for new trial or in the alternative resentencing, and motion to adjudicate without any further delays. For the reasons that follow, the government's motion is granted, petitioner's § 2255 motion is dismissed, and all remaining motions are denied as moot.

BACKGROUND

Petitioner, (petitioner or Barefoot), was sentenced on February 6, 2013, to an aggregate sentence of 180 months' imprisonment following his conviction by a jury on all six counts of a superseding indictment filed in August 2006. The superseding indictment charged petitioner with conspiracy to receive, possess, conceal, store, barter, sell, and dispose of stolen firearms, 18 U.S.C. §§ 371, 922(j) (count one); a substantive stolen firearms offense, 18 U.S.C. § 922(j) (count two); solicitation to commit a crime of violence, 18 U.S.C. § 373(a) (count three); receipt

of an explosive device with the knowledge and intent that the explosive would be used to kill, injure, and intimidate other persons and to unlawfully damage and destroy buildings and other real and personal property, 18 U.S.C. § 844(d) (count four); knowing storage of explosive material in a manner not in conformity with regulations, 18 U.S.C. §§ 842(j) and 844(b) (count five); and knowing distribution of explosive materials to an individual under the age of twenty-one, 18 U.S.C. §§ 842(d) and 844(a) (count six). By opinion filed June 9, 2014, the court of appeals affirmed petitioner's convictions on counts one through four but reversed his convictions on counts five and six. *United States v. Barefoot*, 754 F.3d 226 (4th Cir. 2014). An amended judgment was entered by this Court on July 16, 2014, reflecting that counts five and six had been dismissed; Barefoot's sentence of 180 months' imprisonment remained unchanged by the dismissal of two counts of the superseding indictment.

On November 16, 2015, petitioner filed a motion to vacate pursuant to 28 U.S.C. § 2255. On December 7, 2015, petitioner filed a motion to vacate on the proper forms. In his motion filed December 7, 2015,[1] petitioner raises the following claims for relief: violation of petitioner's Sixth Amendment right to a speedy trial by forcing a court appointed attorney to represent him (ground one); double jeopardy Fifth Amendment violations for being subject to two arrests, two trials, two convictions, and two federal sentences relating to the superseding indictment (ground two); First, Fifth and Fourteenth Amendment due process violations related to a firearm seized

---

[1] Petitioner's first filed § 2255 motion appears to have been signed by Paula Gayle Smith acting as attorney in fact for petitioner. [DE 404; 404-1]. It does not appear from the face of petitioner's filing that Ms. Smith is an attorney admitted to practice in this Court. A "power of attorney may have conferred certain decision-making rights under state law, but it does not allow [Ms. Smith] to litigate *pro se* on behalf of [Barefoot] in federal court." *In re Radogna*, 331 Fed. App'x. 962, 964 (3d Cir. 2009) (unpublished); *see also Haddock v. Tribute Properties*, 4:09-CV-80-FL, 2010 WL 1525691, at *2 (E.D.N.C. Apr. 15, 2010 (holding same and listing cases). The Court thus declines to consider any claim raised in petitioner's first filed § 2255 motion which was not raised in his motion filed on 7 December, which appears to have been signed by petitioner himself.

2

from the home of petitioner's son and used to enhance petitioner's sentence (ground three); violation of the statutory Speedy Trial Act (ground four); abuse of discretion by the Court for joining in the prosecution and compromising the trial (ground five); abuse of discretion, confrontation clause for denying petitioner the right to face and confront his accuser and abuse of discretion, ex post facto clause for retrying petitioner for a 2002 offense (ground six); improper voir dire and deprivation of petitioner's right to freedom of religion (ground seven); First Amendment violation arising from the federal and state governments' witch hunt that included the Church of the Nations Knights of the Ku Klux Klan Inc., as well as a due process claim under *Brady* (ground eight); unlawful sentence (ground nine); government's breach of plea agreement (ground ten); ineffective assistance of counsel at trial and sentencing (ground eleven); Fifth, Sixth, and Fourteenth Amendment violations, illegal search and seizure (ground twelve); and actual innocence, Fifth and Fourteenth Amendment (ground thirteen). Petitioner seeks vacatur of his sentence, resentencing, and a new trial. Petitioner in his papers further seeks recusal of the undersigned. The government has moved for dismissal of petitioner's motion or, in the alternative, entry of summary judgment in its favor on petitioner's claims.[2]

## DISCUSSION

The Court at the outset addresses petitioner's request for recusal of the undersigned. A judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned. 28 U.S.C. § 455(a). "The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality, not whether the judge is in fact impartial." *In re Beard*, 811 F.2d 818, 827 (4th Cir. 1987). "A presiding judge is not, however,

---

[2] Because, as discussed below, the Court has considered the declaration of petitioner's trial and appellate counsel, the Court will construe the government's motion as one pursuant to Fed. R. Civ. P. 56. Petitioner has received notice of his right to respond to such a motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). [DE 448].

3

required to recuse himself simply because of 'unsupported, irrational or highly tenuous speculation.'" *United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) (quoting *United States v. DeTemple*, 162 F.3d 279, 287 (4th Cir. 1998)).

Petitioner contends that the undersigned is biased against him. However, even remarks by a court "that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases ordinarily do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Petitioner has come forward with no evidence or argument which would cause a reasonable person to question the undersigned's impartiality, and his request is therefore denied.

Rule 12(b)(6) of the Federal Rues of Civil Procedures provides for dismissal of pleadings for failure to state a claim upon which relief can be granted. In order to survive a challenge under Rule12(b)(6), a petitioner must allege enough facts to state a claim for relief that is facially plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (internal quotation and citation omitted). A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

A majority of the claims in petitioner's thirteen grounds for relief are procedurally barred for failure to raise them on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621-22 (1998) (noting that "Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (citation omitted). Procedural default may only be excused if a petitioner can show cause and actual prejudice or that he is actually innocent. *Id.* "To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623 (internal quotation and citation omitted).

Petitioner asserts that his trial and appellate counsel, Mr. Zeszotarski, refused to do as petitioner demanded and adhere to petitioner's wishes as cause for failure to raise these issues on a direct appeal. Assuming for the purposes of this motion that petitioner did in fact request that each of the grounds subject to the procedural bar raised herein be raised on appeal, *see United States v. Mikalajunas*, 186 F. 3d 490, 493 (4th Cir. 1999) (cause "must turn on something external to the defense, such as . . . denial of effective assistance of counsel"), petitioner cannot demonstrate that his counsel was ineffective for failing to raise the issues.[3]

A movant is entitled to effective assistance on appeal. *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000) (en banc). Appellate counsel is to be afforded, however, the presumption that he presented those issues that were most likely to afford relief, and there is no obligation that appellate counsel assert all nonfrivolous issues on appeal. *Id.* In order to demonstrate prejudice in the context of appellate representation, "a petitioner must establish a 'reasonable probability ... he would have prevailed on his appeal' but for his counsel's unreasonable failure to raise an issue." *United States v. Rangel*, 781 F.3d 736, 745 (4th Cir. 2015) (citation omitted).

---

[3] The Court would also note that Barefoot, though represented by counsel on appeal, submitted a pair of supplemental briefs with exhibits which the court of appeals thoroughly considered. *Barefoot*, 754 F.3d at 233 n. 3.

5

Petitioner's grounds for relief also contain allegations of ineffective assistance of counsel at the trial level. In order to demonstrate that trial counsel was ineffective, a movant must show (1) deficient performance, meaning that "counsel's representation fell below an objective standard of reasonableness" and (2) resulting prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Grounds One and Four

Petitioner was unlikely to prevail on appeal on his Sixth Amendment and statutory Speedy Trial Act claims as the record demonstrates that the majority of the delay between petitioner's arrest in 2006 and trial in 2012 was due to petitioner's having been found not competent to proceed, his appeal, and his undergoing competency restoration. [DE 82; 109; 140; 142; 172; 187; 211; 217]. Once determined to be competent to proceed, petitioner's motions to dismiss and to suppress and request to represent himself were adjudicated. [DE 226; 256; 257]. Petitioner and the government both moved to continue the trial date. [DE 239; 269]. Based on the foregoing, it was reasonable for appellate counsel to decline to raise a speedy trial issue on appeal. *See Doggett v. United States*, 505 U.S. 647, 651 (1992) (factors to be considered when determining whether right to speedy trial has been violated are "whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result."). Petitioner cannot demonstrate cause for failing to raise his first and fourth grounds for relief and, because, as discussed below, petitioner has failed to sufficiently allege that he is actually innocent, these grounds for relief are procedurally barred.

Ground Two

Petitioner cannot demonstrate cause for failing to raise his second ground for relief, his argument that the superseding indictment which was filed amounts to double jeopardy, as jeopardy attaches only upon the impaneling and swearing of a trial jury. *Crist v. Bretz*, 437 U.S. 28, 38 (1978). No jury was impaneled or sworn on petitioner's original indictment, and thus no jeopardy attached. Petitioner's appellate counsel was not unreasonable in declining to raise this issue on appeal and this ground is procedurally barred.

Ground Three

In petitioner's third ground for relief he argues that the government improperly used a firearm, specifically a "sporter" rifle, as well as other firearms, to enhance petitioner's sentence. The court of appeals has considered this Court's association between stolen firearms and explosives at issue in this case, and concluded that for sentencing purposes this Court "properly evaluated the charged criminal conduct as a unitary whole," noting that it was "bound to consider together the entirety of Barefoot's relevant conduct". *Barefoot*, 754 F.3d at 249. Therefore, as the issue of whether stolen firearms were properly used in calculating petitioner's advisory Guidelines range was in fact raised by appellate counsel, petitioner cannot demonstrate prejudice. *See also Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976) (issues raised on direct appeal may not be recast under guise of collateral attack).

Insofar as petitioner argues he was prejudiced by appellate counsel's failure to raise on direct appeal a claim related to whether a particular firearm was in fact stolen, review of the trial transcript reveals that counsel aggressively cross-examined the agent about the firearm and whether it was properly reported as stolen. [DE 354 at 70-72]. Petitioner has not demonstrated a reasonable probability that he would have prevailed on a claim related to the weight of the

7

evidence on the stolen firearms charges, and thus cannot demonstrate that appellate counsel was ineffective for failing to raise it. Petitioner's third ground for relief is barred.

Ground Five

Petitioner's fifth ground is based on his perceived impartiality of the Court. For the reasons discussed at the outset of this order, petitioner has failed to state a plausible claim and this ground is properly dismissed.

Ground Six

Petitioner's sixth ground relates first to the alleged deprivation of his right to confront his accuser. Petitioner's bald assertion without any factual enhancement fails to state a claim. Petitioner further contends that the ex post facto clause was violated when he was re-tried for a 2002 offense. "The Constitution forbids the passage of *ex post facto* laws, a category that includes '[e]very law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed.'" *Peugh v. United States*, 133 S. Ct. 2072, 2077–78 (2013) (quoting *Calder v. Bull*, 3 Dall. 386, 390 (1798)). Petitioner has identified no law which violates the ex post facto clause, and has failed to state a plausible claim. Further, if petitioner is attempting to raise a double jeopardy claim as between his 2002 and 2012 convictions, petitioner was convicted in 2002 of violating 18 U.S.C. § 922(g)(8) for possession a firearm while subject to a domestic violence restraining order, a crime for which he was neither indicted nor convicted in 2012.

Finally, petitioner alleges that due process was denied when he was unable to cross-examine witnesses and call witnesses on his own behalf and represent himself at trial. The record reveals that counsel for petitioner vigorously cross-examined the government's witnesses during trial and counsel's affidavit reveals that he investigated witnesses who might be relevant and made

8

strategic decisions regarding whether to call witnesses to testify. [DE 445-1]. Counsel may choose from a wide range of acceptable strategies at trial, *Clagett v. Angelone*, 209 F.3d 370, 380 (4th Cir. 2000), and petitioner has not sufficiently alleged that had counsel called any particular witnesses or cross-examined any witnesses differently the outcome of the trial would have been different. *Strickland*, 466 U.S. at 693-94. As to petitioner's claim regarding self-representation, this claim was addressed on direct appeal and no change in law would support re-litigation of this issue. *Boeckenhaupt v. United States*, 537 F.2d at 1183. Petitioner's sixth ground fails.

Ground Seven

Petitioner's seventh ground concerns what is alleged to have been improper voir dire. Barefoot contends that the jury was selected in an unorthodox manner without allowing for preemptive challenges. Barefoot further argues that defense counsel should have challenged the racial integrity of each juror. Finally, petitioner contends that his constitutionally guaranteed right to freedom of religion was violated when the prosecution was permitted to present its case in a theatrical exhibition of the Ku Klux Klan in the 1920s.

Petitioner's ineffective assistance claim related to voir dire, jury selection, and peremptory challenges fails as he cannot demonstrate deficient performance. Trial counsel has declared that he exercised peremptory strikes and confronted directly petitioner's involvement in the Klan in order to attempt to determine its effect on the potential jurors. [DE 445-1 ¶ 6]. Further, "counsel's actions during voir dire are presumed to be matters of trial strategy", *Conner v. Polk*, 407 F.3d 198, 207 n.5 (4th Cir. 2005) (internal alteration, quotation, and citation omitted), and are afforded wide latitude by a court reviewing a claim of ineffective assistance. Nor has petitioner come forward with any evidence which would tend to demonstrate prejudice, that is,

9

that the outcome of the trial would have been different but for counsel's alleged deficiencies. This claim is properly dismissed.

As to petitioner's claim that his First Amendment right to freedom of religion was violated, this claim is procedurally barred for failing to raise it on direct appeal and petitioner has failed to show that appellate counsel acted unreasonably in not presenting the issue. Petitioner argues that the prosecution made its case about the Ku Klux Klan; that petitioner's Klan membership and activities were a part of the trial does not demonstrate an improper motive on behalf of the government and this claim fails.

Ground Eight

In his eighth ground for relief, petitioner cites the First Amendment and discusses a plan by the governments of North Carolina and the United States to engage in a witch hunt that included the Church of the Nations Knights of the Ku Klux Klan. Petitioner contends that the government's star witness, Johnathan [sic] Maynard, was not a competent witness. Petitioner further contends that discovery sanctions under *Brady v. Maryland*, 373 U.S. 83 (1963), should have been imposed.

Petitioner's allegations regarding the competency of a government witness are procedurally barred as he failed to raise the issue on appeal and he has failed to demonstrate that appellate counsel was unreasonable in declining to raise the issue. Further, counsel vigorously cross-examined Maynard during the trial in an effort to impeach his testimony and credibility. [DE 354 at 130-136]. Petitioner's First Amendment claim regarding a witch hunt presents no more than bald assertions and fails to plausibly state a claim.

Petitioner's *Brady* claim also fails as petitioner has failed to sufficiently state the materiality of the 400 audio records of Klan activities he asserts that the government withheld and which

10

would allegedly have impeached the government's charges. *See United States v. Sterling*, 724 F.3d 482, 511 (4th Cir. 2013) ("A failure to disclose violates due process only if the evidence in question (1) is favorable to the defendant because it is either exculpatory or impeaching; (2) was suppressed by the government; and (3) is material in that its suppression prejudiced the defendant."). In response to the government's motion, petitioner proffers a list of discovery which the government allegedly did not disclose, but which petitioner notes "came April 4, 2012." [DE 451-1 at 18]. As the trial in this matter was held in September 2012, petitioner appears to have received this evidence well in advance of trial. Further, petitioner has not sufficiently explained how any of the evidence referenced, for example "brief case of Barefoot's with Church Documents in it; AOL Message printouts of E-Mails Disc; 1 compact Disc-CD in clear case," was material and would have prejudiced him if suppressed. Further, any *Brady* claim related to files petitioner contends he received from the government in 2006 also fails as petitioner has admitted that those files were received well in advance of trial.

Ground Nine

Petitioner alleges in his ninth ground for relief that a majority of his sentence is prohibited by the Fifth and Sixth Amendments and is beyond the maximum allowed by law due to an increase in petitioner's base offense level under the advisory United States Sentencing Guidelines. Petitioner cites *Apprendi v. New Jersey* for the proposition that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). Petitioner's challenge here is confined to his advisory Guidelines range calculation and not any statutory mandatory minimum. He has failed therefore to state a plausible claim under *Apprendi*.

11

Ground Ten

In his tenth ground for relief, petitioner alleges that the government breached his plea agreement in case number 5:02-CR-219-BO (E.D.N.C.). Specifically, petitioner contends that the conduct constituting the basis for the 2002 indictment was used as relevant conduct in the 2005 indictment and 2006 superseding indictment in violation of petitioner's 2002 plea agreement with the government. Petitioner has raised the issue of whether his 2002 plea agreement terms were breached by his 2005 indictment and 2006 superseding indictment in this Court and in the court of appeals. *United States v. Barefoot*, No. 5:05-CR-166-BO (1), 2011 WL 3678152, at *4 (E.D.N.C. Aug. 22, 2011); *Barefoot*, 754 F.3d at 247-48. Petitioner is therefore procedurally barred from raising a claim as he has not demonstrated that appellate counsel unreasonably failed to raise this or any other argument related to the effect of petitioner's 2002 plea agreement on any subsequent indictments in his appeal.

Ground Eleven

In ground eleven petitioner makes generalized claims of ineffective assistance of his trial counsel. Petitioner alleges that counsel failed to represent him with any efficiency, failed to protect his Constitutional rights, failed to investigate witnesses and evidence, and failed to make arguments related to the calculation of petitioner's advisory Guidelines range at sentencing. Petitioner's generalized claims raised in this ground fail to state a plausible claim that trial counsel's performance was deficient. Further, review of the record reveals that prior to trial counsel filed motions on petitioner's behalf, including to suppress evidence and dismiss the indictment, that during the trial he cross-examined the government's witnesses against petitioner and made arguments to the jury, and that at sentencing he challenged petitioner's advisory Guidelines range, filed a sentencing memorandum on petitioner's behalf, and made a sentencing

12

argument to the Court requesting a downward variance. [DE 49-53; 354; 353]. Petitioner has not sufficiently alleged deficient performance and his ineffective assistance of counsel claim is properly dismissed.

Ground Twelve

In his twelfth ground for relief, petitioner claims that his Fifth, Sixth, and Fourteenth Amendment rights were violated when federal authorities executed a search warrant for 570 Mamie Road, Dunn, North Carolina, assuming it was petitioner's residence when no such residence exists. This claim is procedurally barred for failure to raise it on direct appeal, and the Court does not find, based on petitioner's argument herein, that appellate counsel was unreasonable in declining to pursue this issue on appeal.

Ground Thirteen

Petitioner's final ground for relief raises a claim for actual innocence based on intervening changes in the law which decriminalize the acts which form the basis of petitioner's conviction. Petitioner has failed to identify any change in law which would render any of his convictions infirm and this ground is properly dismissed.

At bottom, petitioner has procedurally defaulted as to those claims which were available to petitioner at the time of his appeal as he cannot demonstrate either cause and prejudice or that in light of all the evidence, it is more likely than not that no reasonable jury would have convicted him. As to those claims which are not procedurally defaulted, petitioner has failed to state a plausible claim for relief or summary judgment in favor of respondent is appropriate. Though petitioner's filings are voluminous and at times repetitive, the Court has reviewed the record herein and finds no basis upon which to allow a collateral attack on petitioner's conviction or sentence to proceed.

13

## Certificate of Appealability

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, the government's amended motion to dismiss or in the alternative for summary judgment [DE 442] is GRANTED and petitioner's § 2255 motion [DE 412] is DISMISSED. Petitioner's first-filed motion to vacate [DE 404] is DISMISSED without prejudice as having not been signed by either petitioner or an attorney admitted to practice in this Court. Petitioner's remaining motions for consideration of appointment of Nash[4] as counsel [DE 447], motion for free transcripts [DE 453], motion – proffer of proof [DE 454], and motion to adjudicate [DE 455] are DENIED AS MOOT. The clerk is DIRECTED to close the § 2255 proceeding. A certificate of appealability is DENIED.

---

[4] This Court has previously denied petitioner's motion to appoint Patrick Nash as counsel. [DE 420].

14

SO ORDERED, this __10__ day of February, 2017.

                                               TERRENCE W. BOYLE
                                               UNITED STATES DISTRICT JUDGE